Submitted November 24, 2009, reversed November 17, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MINH H. NGUYEN,
aka Minh Huong Nguyen,
aka Minh Hong Nguyen, Jr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
080342699; A138986

243 P3d 820

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

**ORTEGA, J.**

Defendant, who was convicted of two counts of violating a stalking protective order (SPO), ORS 163.750,[1] challenges the trial court's denial of his motion for a judgment of acquittal. For the reasons explained below, we agree and reverse.

Because the jury found defendant guilty, we state the facts in the light most favorable to the state. *State v. Gibson*, 338 Or 560, 562, 113 P3d 423, *cert den*, 546 US 1044 (2005). The victim in this case sought and obtained an SPO that prohibited defendant from having any contact with the victim, including sending written or electronic messages. Despite that order, over a four-day period, defendant sent the victim several text messages, exemplified by the following two messages:

> "U want me 2 pay child support? Fuk u! So u can use my muny 2 fuk sum one else! Fuk u! *I giv u something bitch*!

> "And u want 2 better myself? But u want to fuk me? Ok! *C u soon*!"

(Emphasis added.) Based on those two messages and the others, the state charged defendant with 12 counts of violating the SPO.

Defendant moved for a judgment of acquittal on all charges, arguing that his messages to the victim were protected speech under Article I, section 8, of the Oregon Constitution as interpreted in *State v. Rangel*, 328 Or 294, 977 P2d 379 (1999). The state took the position that, after the issuance of an SPO, "the state is entitled to restrict a person's

---

[1] ORS 163.750 provides:

"(1) A person commits the crime of violating a court's stalking protective order when:

"(a) The person has been served with a court's stalking protective order as provided in ORS 30.866 or 163.738 or if further service was waived under ORS 163.741 because the person appeared before the court;

"(b) The person, subsequent to the service of the order, has engaged intentionally, knowingly or recklessly in conduct prohibited by the order; and

"(c) If the conduct is prohibited contact as defined in ORS 163.730(3)(d), (e), (f), (h) or (i), the subsequent conduct has created reasonable apprehension regarding the personal safety of a person protected by the order."

constitutional rights in an effort to protect society." The trial court denied defendant's motion. The court explained that,

"[w]here there have been predicate circumstances that authorize a court to issue a protective stalking order, once that threshold is reached, then the court has the power to restrict a defendant's communications with the victim * * * and to restrict it beyond just threats that would meet the *Rangel* standard, to restrict it and to punish it with a crime[.]"

The case was submitted to the jury, and defendant was convicted on Counts 3 and 6, which were based on the above-quoted text messages.

On appeal, defendant reiterates his argument that, because the two contacts alleged as the bases for his convictions were constitutionally protected speech under Article I, section 8, the trial court erred in denying his motion for a judgment of acquittal. The state reiterates its position that *Rangel* has no application in a prosecution for violation of a court's SPO.

As we recently held in *State v. Ryan*, 237 Or App 317, 239 P3d 1016 (2010), the *Rangel* analysis applies to prosecutions for violation of a stalking protective order. We said:

"[I]n order to survive an Article I, section 8, challenge, an expressive 'prohibited contact,' for purposes of ORS 163.750, must contain an unequivocal threat that instills a 'fear of imminent and serious personal violence * * * and is objectively likely to be followed by unlawful acts.' *Rangel*, 328 Or at 303."

*Ryan*, 237 Or App at 325. Thus, the inquiry in this case is whether the two expressive communications that formed the bases for defendant's convictions satisfied that standard.

The state contends that the two quoted text messages were sufficient to constitute an "unequivocal threat of imminent violence" and, further, that there is evidence that the text messages caused the victim reasonable apprehension or alarm. Defendant asserts that, although the text messages may have caused reasonable apprehension in the victim, the statements did not express an unequivocal intent to

carry out a threat that instilled a fear of "imminent and serious personal violence." *Rangel*, 328 Or at 303.

Although the emphasized portions of the two statements that form the bases for defendant's convictions could be viewed as veiled threats, the statements do not express an *unequivocal* intent to carry out such threats. We have also read the trial transcript and examined the exhibits to determine the context of the two statements and we agree with defendant that the evidence as a whole does not support a finding that the violations constitute an unequivocal threat of imminent and serious personal violence. For that reason, we conclude that the trial court erred in denying defendant's motion for judgment of acquittal.

Reversed.